No. 937

COMM. TRAV. LIFE & ACC. ASSOS. v. SPIEGLE

No. 19216. Supreme Court

On motion to certify. Dock. June 19, 1925; 3 Abs. 401.

475. ESTOPPEL — Does doctrine apply where essential elements such as inconsistency on part of party against whom it is invoked or justifiable change of position and reliance thereon by party making the claim, are claimed to be lacking?

H. B. Spiegle's petition in the Cuyahoga Common Pleas alleged membership in the Commercial Travelers Life and Accident Association since 1900; receipt of quarterly premium notices and prompt payment of same until April 3, 1923; failure of the Association to send notice on April 3, 1923 or thereafter and Spiegle's consequent failure to pay premiums from that date and that he subsequently offered to pay all back assessments, but that the Association refused to re-instate him.

The Association set up a section of the contract providing that premiums are fixed and payable on January 5th and quarterly thereafter and that failure to pay any premium within 30 days after it should be payable, should constitute a forfeiture of all benefits; and also providing that although notices might be sent, any failure on part of the association to send such notices should not relieve a member from his duty to pay all premiums and providing further that the sending of such notice should not obligate the Association to send any other notice.

The case was heard and appealed to the Court of Appeals which handed down a decree in favor of Spiegle. A motion to certify the record was filed in the Supreme Court and it is claimed by the Association Spiegle's main contention is that because it continuously sent the premium statements, it thereby stopped itself from setting up forfeiture as a bases of defense.

The purpose of the doctrine of estoppel is to prevent a party from asserting, to anothers disadvantage, a right inconsistent with a position previously taken. The essential elements are inconsistency on part of the party against whom estoppel is invoked and a justifiable change of position and ·reliance thereon by the party making the claim. It is claimed that neither of these elements exist for the Association was clearly authorized to send out notices for the "convenience of the members" without thereby waiving its rights in any particular.

The contract to which Spiegle was a party not only gave the Association the right to take both positions but in addition provided that the taking on one position should not prejudice its rights under the other. It is further claimed that Spiegle was bound to know the terms of the contract and the rights of the Association and that the particular right of forfeiture could not be waived by sending notices and he should not now be permitted to assert estoppel after he acquiesced in the contract permitting particular acts on part of the Association.

It is argued that Spiegle cannot assert that he was misled by the sending of notices on part of the Association for he was notified at the time of each quarterly assessment from January 1921 to April 1923 of the provisions against waiver.

Attorneys—Tolles, Hogsett, Ginn & Morley for Association; Bernon, Mulligan, Leeley and LeFever for Spiegle; all of Cleveland.

Note—The OA. opinion will be found in 3 Abs. 590.

Motion dismissed by plaintiff in error at its costs. 3 Abs. 658.